1  SPERTUS, LANDES & UMHOFER, LLP
   James W. Spertus (SBN 159825)
2  Elizabeth J. Lee (SBN 316119)
   John Hanusz (SBN 277367)
3  1990 South Bundy Dr., Suite 705
   Los Angeles, California 90025
4  Telephone: (310) 826-4700
   Facsimile: (310) 826-4711
5  jim@spertuslaw.com
   elizabeth@spertuslaw.com
6  john@spertuslaw.com

7
8  Attorneys for Plaintiffs MIGUEL SILLAS,
   MARIA SILLAS, and JOSE SILLAS

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11
12

13  MIGUEL SILLAS, MARIA SILLAS,        Case No.
    and JOSE SILLAS,
14                                       **COMPLAINT FOR:**
                        Plaintiffs,
15                                       **(1) UNREASONABLE SEARCH**
           v.                                **AND SEIZURE OF**
16                                           **PROPERTY (42 U.S.C.**
                                             **§1983);**
17  CITY OF LOS ANGELES, a            **(2) DEPRIVATION OF**
    municipal corporation; EDGAR          **PROPERTY WITHOUT DUE**
18  MEJIA, an individual; MATTHEW         **PROCESS;**
    MENDEZ, an individual; HAINER    **(3) VIOLATION OF**
19  HERNANDEZ, an individual;            **SUBSTANTIVE DUE**
    MICHAEL MARINO, an individual;       **PROCESS;**
20  VINCENZO AVERAIMO, an            **(4) MUNICIPAL LIABILITY**
    individual; ALEX FRANCO, an           **FOR UNCONSTITUTIONAL**
21  individual; DANIEL HUGHES, an         **CUSTOM OR POLICY (42**
    individual; JOSE TEJEDA, an           **U.S.C. §1983);**
22  individual; JOHN PADILLA, an     **(5) CONVERSION;**
    individual; JEREMY MASSEY, an    **(6) TRESPASS AGAINST**
23  individual; DANIEL KAMINSKI, an       **PERSONAL PROPERTY**
    individual; ARSHAVIR
24  SHALDJIAN, an individual; RYAN   **JURY TRIAL DEMANDED**
    SCHATZ, an individual; PATRICK
25  FOREMAN, an individual;
    RODOLFO RODRIGUEZ, an
26  individual; and DOES 1 through 10
    inclusive,
27
                        Defendants.
28

COMPLAINT

Plaintiffs Miguel Sillas, Maria Sillas, and Jose Sillas complain, aver and allege as follows:

## I.    INTRODUCTION

1.    This action seeks from Defendants City of Los Angeles and Los Angeles Police Department Officers Edgar Mejia, Matthew Mendez, Hainer Hernandez, Michael Marino, Vincenzo Averaimo, Alex Franco, Daniel Hughes, Jose Tejeda, John Padilla, Jeremy Massey, Daniel Kaminski, Arshavir Shaldjian, Ryan Schatz, Patrick Foreman, and Rodolfo Rodriguez (collectively, "Defendants") compensatory, exemplary, and punitive damages for violating various constitutional and statutory rights in connection with their theft and wrongful seizure of approximately $430,000 from Plaintiff Miguel Sillas, and $800 from Plaintiffs Maria Sillas and Jose Sillas.  Plaintiffs also seek redress for Defendants' unlawful conversion of, and trespass against, these funds.

2.    Defendants Officers Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, and Rodriguez, as well as Does 1-10, (the "LAPD Officers") all of whom are employed by the Los Angeles Police Department, proximately caused Plaintiffs' loss of their property by participating in, or failing to intervene to prevent, the theft, and by engaging in other acts and/or omissions around the time of the incident that resulted in the loss.

3.    The LAPD Officers also caused additional damage to Maria and Jose Sillas by wrongfully seizing $800 belonging to the owner of the apartment complex they lived in, and for which they were responsible for managing.  Maria and Jose Sillas then paid the owner this sum from their own pockets after the LAPD Officers seized it.

4.    Defendant City of Los Angeles also proximately caused Plaintiffs' loss and is liable under the principles set forth in *Monell v. Department of Social Services*, 426 U.S. 658 (1978).

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

2.

5. The policies and customs behind the unlawful seizure and theft of personal property are patently unconstitutional. Accordingly, Plaintiffs seek to hold accountable those responsible for their loss of property, and to challenge the Los Angeles Police Department's unconstitutional policies and practices through this civil rights action, which is firmly in the public interest.

## II.   THE PARTIES

6. Plaintiffs Miguel Sillas, Maria Sillas, and Jose Sillas are residents of the State of California and resided within the jurisdiction of the State of California at all times herein alleged.

7. At all times relevant herein, Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, and Rodriguez were employed by and worked on behalf of the Los Angeles Police Department and resided within the jurisdiction of the State of California. In their capacity as employees of the Los Angeles Police Department, they actively participated in the searches leading to the seizure of Plaintiffs' property, and/or took possession of the property.

8. Defendant City of Los Angeles is, and at all times herein alleged was, a public entity existing under the laws of the State of California. The Los Angeles Police Department is, and at all times herein alleged was, an agency of the City of Los Angeles.

9. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as Does 1 through 10, inclusive, were officers of the Los Angeles Police Department, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a "Doe" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

### III.   JURISDICTION AND VENUE

10.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and 1367.

11.    All of the actions and omissions complained of occurred in the Central District of California.  Therefore, venue is proper in this District.  See 28 U.S.C. §1331.

### IV.   GENERAL ALLEGATIONS

12.    Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent, employee, and co-conspirator of each of the remaining Defendants, and in participating in the acts alleged in this Complaint, acted within the scope of such agency and employment, in furtherance of the conspiracy, and with the permission and consent of the co-conspirator Defendants.

13.    Defendants acted maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiffs.

### V.   FACTUAL ALLEGATIONS

**A.    On June 10, 2016, the Los Angeles Police Department Seizes Over $1.25 Million at the Sillas Residence, but Only Reports Seizing $820,940.00.**

14.    On June 10, 2016, a Los Angeles Police Department Gang Enforcement Detail, including Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski and Shaldjian, conducted a "parole compliance check" at a residence located at 3367 Fletcher Drive, Apartment 1, in Los Angeles, California (the "Fletcher Drive Residence").

15.    This residence is one of nine units in an apartment complex.  Miguel Sillas lived in the unit, along with his mother, Maria Sillas, and his father, Jose Sillas.  Maria and Jose Sillas managed the apartment complex and were

4.

COMPLAINT

responsible for maintaining and collecting rent from the other tenants, and holding those moneys in trust for the owner of the apartment complex and transferring the funds once rent collection was complete.

16.     In the course of searching the Fletcher Drive Residence, Defendants seized two safes containing United States currency.  One safe was located under a bed, while the other was located in the laundry room.  Defendants also seized $800 located in Maria Sillas's closet, tucked into a shoe organizer.

17.     The LAPD Officers took the currency without counting it and, oddly, did not return a currency count for *six days*.  On June 16, 2016, the Los Angeles Police Department stated that it had seized a total of $820,940. However, in the later forfeiture action that was filed, federal officials alleged that only $819,640 was seized (a difference of $1,300).  *United States v. $819,640.00 in U.S. Currency*, CV17-00269-FMO (C.D. Cal.) (Dkt. No. 1).[1]

18.     In addition to the inconsistencies in the amount of currency seized, Defendants have entirely failed to report an additional $430,000 they seized from the Sillas residence on June 10, 2016.

19.     In addition to the seizure of the safes, reported in the official report of the incident, Defendants also took $400,000 from a black Nike backpack, which was located under Miguel Sillas's bed.

20.     Furthermore, Defendants took $30,000 that they found in Miguel Sillas's closet, where it had been wrapped in a black hair tie and tucked in between two jackets.

21.     The $400,000 taken from Miguel Sillas's backpack and the $30,000 taken from Maria Sillas's closet were owned by Miguel Sillas.  None of these items have ever been referenced in official reports stemming from the incident.

---

[1] While, the funds sought by the United States Attorney's Office in the separate judicial forfeiture action do not form the basis of the instant Complaint, the actions are undoubtedly related as both arise out of Defendants' seizure of funds in the course of the investigation of Miguel Sillas.

COMPLAINT

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Rather, Defendants simply seized and stole, under color of law, the $430,000 from Miguel Sillas and converted it for their own personal use.

22.     Additionally, Defendants took $800 which was located in Maria Sillas's closet.  Although they declared the seizure of the currency in the official report for the incident, they have failed to return these funds to Maria and Jose Sillas.

23.     Three days after the June 10, 2016 seizure, the Los Angeles Police Department contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") about the arrest seizure and, sometime after that, the seized assets were transferred to the Drug Enforcement Administration ("DEA") even though Miguel Sillas has not been charged with, nor accused of committing, any drug-related offenses.

24.     Federal officials filed a criminal complaint four days after the seizure charging Miguel Sillas with unlawfully possessing a firearm.  *See* Complaint and Affidavit, *United States v. Sillas*, No. CR16-00455-FMO (C.D. Cal.) (Dkt. No. 1).  The affidavit accompanying that complaint ("Affidavit") was drafted and signed by ATF Special Agent Kyle V. Duncan.

25.     As described in the Affidavit, Mr. Duncan was not present at the Sillas residence for the search and seizure, but Mr. Duncan spoke to Defendant Mejia about the seizure, and the  Affidavit confirms that Officer Mejia was present during the seizure.

26.     The only currency described  in the Affidavit was money located in two safes.  The Affidavit indicated that "$500,000 to $800,000" was seized from the residence.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

6.

27.     The $400,000 that was located in the backpack and the $30,000 taken from Maria Sillas's closet were not mentioned in the Affidavit.[2]

**B.     Maria Sillas Requests the Return of the $800 in Rent Money and the LAPD Officers Mock Her and Refuse to Return It.**

28.     In the week after Defendants seized the $800 from the Fletcher Drive residence, Maria Sillas visited the Los Angeles Police Department's Northeast Station, located at 3353 San Fernando Road, Los Angeles, California. Her daughter-in-law Suzy Angel accompanied her.  There, Maria Sillas requested that the officers return the $800 that was wrongfully taken from her shoe organizer.  She explained that the money had been collected from another tenant in the complex as a rent payment, and that it belonged to her landlord.  She told the officers that she was entrusted with collecting rents and transferring the money to the landlord.

29.     The officers at the station that day refused to return the money to Maria Sillas.  They claimed that the money belonged to the Avenues gang.  She pleaded with them to return it to her and explained that her home and job were in jeopardy, but the police officers laughed at her sarcastically, stating that "maybe they would give her the money back, and why not a couple of thousand more."

30.     In the months that followed, Maria and Jose Sillas and their family were evicted from the residence where they had lived for nearly thirty years.  The property owner, for whom Maria and Jose Sillas had worked for nearly twenty years, told them that LAPD officers had pressured him to evict the Sillas family.

---

[2] In addition, Mr. Duncan did not reference the $800 taken from Maria Sillas's shoe organizer.  The Affidavit indicated that officers seized "approximately $500,000 to $800,000" from two safes, but indicated that currency had not been counted at that time.

COMPLAINT

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

**C.**   **Miguel Sillas's Request for Return of the $430,000 from the Drug Enforcement Agency Is Ignored.**

31.    With no acknowledgement from the Defendants that the $430,000 had been seized from the Sillas residence, no forfeiture procedure initiated and no asset identification number assigned to the $430,000, Miguel Sillas requested the return of his money.  On March 22, 2017, through counsel, Miguel Sillas sent a claim letter via certified mail to the Drug Enforcement Administration.  After identifying the funds seized, the date of the seizure, and the facts surrounding the seizure, and stating that he was the true and rightful owner of those funds, Miguel Sillas requested that the agency assist him in locating the missing $430,000.  A true and correct copy of the claim letter is attached hereto as Exhibit A.

32.    In the letter, Miguel Sillas stated that "[t]he seizing authorities have yet to provide notice of the seizure as required . . . therefore, [there is] no Asset Identification Number, no Seizure Number, and [we] are unaware of any Seizure Warrant." *Id.*

33.    Miguel Sillas offered a description of the facts surrounding the seizure to assist the DEA in locating the missing funds.

34.    Miguel Sillas signed and verified the claim letter under penalty of perjury.

35.    On April 11, 2017, undersigned counsel received return correspondence regarding the claim from Paula Graham of the Drug Enforcement Administration Asset Forfeiture Division.  Ms. Graham indicated that she had received the claim letter on March 31, 2017.  A true and correct copy of the April 11, 2017 response to the claim letter is attached hereto as Exhibit B.

36.    Ms. Graham further indicated that there was no procedure for locating the missing $430,000 that was seized unless an asset identifier number

8.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

or case number could be presented. She further stated: "Please be advised that without a DEA asset identifier number or case number, it is impossible to match your correspondence with an asset seizure file."

37. Since, as far as Plaintiffs know, the Defendants have never reported that the $430,000 was seized, there is no "asset identifier number or case number" for these assets.

38. Plaintiffs are, therefore, without a procedure to seek the return of the money wrongfully seized by Defendants under color of law.

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure of Property (42 U.S.C. §1983)**

**(Against all Defendants)**

39. Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 38 of this Complaint as though set forth fully herein.

40. While acting under color of law, Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, Rodriguez, and Does 1-10 unlawfully seized and stole the personal property of Plaintiffs in violation of the Fourth Amendment to the United States Constitution.

41. The City of Los Angeles is responsible for the misconduct of its employees acting under color of law.

42. As a result of the unlawful seizure and theft of their property, Plaintiffs have been damaged in an amount to be proven at trial.

43. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages.

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

9.

**SECOND CAUSE OF ACTION**

**Deprivation of Property Without Due Process**

**(Against all Defendants)**

44.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 43 of this Complaint as though set forth fully herein.

45.     The unlawful theft of the currency by Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, Rodriguez, and Does 1-10 deprived Plaintiffs of their right to not be deprived of their personal property without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.  Defendants' theft of the currency was unlawful and unjustified, and Plaintiffs were provided with no means of redress or procedure whereby they could even dispute the deprivation, as Defendants did not document the seizure of these funds.

46.     The City of Los Angeles is responsible for the misconduct of its employees acting under color of law.

47.     As a result of the unlawful seizure and theft of their property, Plaintiffs have been damaged in an amount to be proven at trial.

48.     The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**

**Violation of Substantive Due Process**

**(Against all Defendants)**

49.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 48 of this Complaint as though set forth fully herein.

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

10.

50.     The unlawful theft of the currency by Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, Rodriguez, and Does 1-10 deprived Plaintiffs of their right to not be subjected to outrageous government conduct, as guaranteed to Plaintiffs under the Fourteenth Amendment to the United States Constitution.  The theft of the currency was conducted under color or law and was an intentional abuse of public authority.

51.     The City of Los Angeles is responsible for the misconduct of its employees acting under color of law.

52.     As a result of the unlawful seizure and theft of their property, Plaintiffs have been damaged in an amount to be proven at trial.

53.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages.

### FOURTH CAUSE OF ACTION

### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983) (Against Defendant City of Los Angeles)

54.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 53 of this Complaint as though set forth fully herein.

55.     Plaintiffs are informed, believe and allege that, at all times herein mentioned, Defendant City of Los Angeles, with deliberate indifference, and conscious and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiffs, engaged in the unconstitutional conduct and omissions set forth above, which consist of the following customs and/or policies:

a.     Employing and retaining Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla,

11.

COMPLAINT

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

Massey, Kaminski, Shaldjian, Schatz, Foreman, Rodriguez, and Does 1-10, who Defendant City of Los Angeles knew or should have known had propensities for abusing their authority by misappropriating and stealing personal property and by failing to follow written policies regarding cash seizures;

b.      Failing to maintain adequate procedures for reporting, supervising, reviewing, disciplining, and controlling intentional misconduct by Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, Rodriguez, and Does 1-10;

c.      Failing to adequately train, supervise, and control its officers in the collection, documentation, and retention of evidence; and

d.      Condoning, ratifying, and encouraging the theft of personal property in the course of official investigations.

56.    The actions and inactions of the Los Angeles Police Department were known or should have been known to the policy makers responsible for that agency and occurred with deliberate indifference to the constitutional violations set forth above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise, or discipline in areas where the need for such training or supervision would be obvious.

57.    The actions of the Los Angeles Police Department set forth herein were a motivating force behind the violations of Plaintiffs' constitutional rights as set forth in this complaint.

58.    As a direct and proximate result of Defendant City of Los Angeles's acts and omissions, condoning, encouraging, ratifying, and deliberately ignoring the pattern and practice of Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian,

COMPLAINT

Schatz, Foreman, Rodriguez, and Does 1-10, Plaintiffs sustained injury and were damaged in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

### Conversion (Against All Defendants)

59.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 58 of this Complaint as though set forth fully herein.

60.     Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, Rodriguez, Does 1-10, and the City of Los Angeles substantially interfered with property belonging to Plaintiffs by knowingly or intentionally taking possession of said personal property.

61.     Plaintiffs did not consent to Defendants' actions.

62.     As a result of Defendants' actions, Plaintiffs have been damaged in an amount to be proven at trial.

63.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION

### Trespass Against Personal Property (Against All Defendants)

64.     Plaintiffs re-allege and incorporate herein by this reference each and every allegation set forth in paragraphs 1 through 63 of this Complaint as though set forth fully herein.

65.     Defendants Mendez, Mejia, Hernandez, Marino, Averaimo, Franco, Hughes, Tejeda, Padilla, Massey, Kaminski, Shaldjian, Schatz, Foreman, Rodriguez, Does 1-10, and the City of Los Angeles substantially interfered with property belonging to Plaintiffs by intentionally interfering with the use or possession of said personal property.

COMPLAINT

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

66.     Plaintiffs did not consent to Defendants' actions.

67.     As a result of Defendants' actions, Plaintiffs have been damaged in an amount to be proven at trial.

68.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages.

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as more fully set forth below.

## VII.     PRAYER FOR RELIEF

Plaintiffs pray for judgment against all Defendants as follows:

1.     Compensatory damages and other special, general and consequential damages according to proof;

2.     Punitive and exemplary damages against each Defendant, except the City of Los Angeles, in an amount according to proof;

3.     An award of interest, including prejudgment interest, according to law;

4.     An award of costs of suit, including attorneys' fees;

5.     Such other and further relief as this Court deems just and proper.

## VIII.     DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated:  December 1, 2017          SPERTUS, LANDES & UMHOFER, LLP

By:     _____

James W. Spertus
Elizabeth J. Lee
John Hanusz
Attorneys for Plaintiffs Miguel Sillas,
Maria Sillas, and Jose Sillas

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

14.

COMPLAINT