UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SILLAS, MARIA SILLAS, and JOSE SILLAS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal corporation; EDGAR MEJIA, MATTHEW MENDEZ, HAINER HERNANDEZ, MICHAEL MARINO, VINCENZO AVERAIMO, ALEX FRANCO, DANIEL HUGHES, JOSE TEJEDA, JOHN PADILLA, JEREMY MASSEY, DANIEL KAMINSKI, ARSHAVIR SHALDJIAN, RYAN SCHATZ, PATRICK FOREMAN, RODOLFO RODRIGUEZ, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV17-08691-FMO (AFMx)<br><br>Hon. Fernando M. Olguin<br>Mag. Judge Alexander F. MacKinnon<br>Action Filed: December 1, 2017<br>Trial Date: September 17, 2019<br><br>**CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE WHY LIZETTE MADERA SILLAS SHOULD NOT BE HELD IN CONTEMPT** |

Nonparty Lizette Madera Sillas ("Madera Sillas") has failed to appear for a deposition and failed to appear in Court to address why she should not be held in contempt for her failure to appear for a deposition. As discussed below, the Court

certifies the following facts and orders Ms. Madera Sillas to appear before the District Judge to show cause why she should not be adjudged in contempt for failure to comply with a deposition subpoena and associated order.  **Ms. Madera Sillas is warned that her failure to comply with this Order may result in contempt sanctions including deposition fees, attorney's fees, and/or her arrest by the United States Marshals Service.**

**STATEMENT OF CERTIFIED FACTS**

Lizette Madera Sillas is the wife of plaintiff Miguel Sillas. (ECF No. 93, Inlow Decl., ¶ 4.) Defendants jointly noticed the deposition of Lizette Madera Sillas for the first time for August 16, 2018.  She was personally served with a deposition notice and a subpoena for the deposition.  (ECF No. 93, Exhibit B, Inlow Decl., ¶ 5). However, Madera Sillas failed to appear, and a notice of non-appearance was taken. (ECF No. 93, Exhibit C, Inlow Decl., ¶ 6.)  On August 16, 2018, plaintiffs' counsel Diane Bang stated that her firm was representing Madera Sillas. (ECF No. 93, Inlow Decl., ¶ 6.)

Defendants duly re-noticed the deposition of Lizette Madera Sillas for September 24, 2018, but she failed to appear for a second time.  (ECF No. 93, Exhibit D, Inlow Decl., ¶ 7.)  Following this non-appearance, plaintiffs' counsel wrote an e-mail to defense counsel stating that they were no longer representing Madera Sillas. (ECF No. 93, Exhibit E, Inlow Decl., ¶ 8.)

On September 28, 2018, the parties filed a joint stipulation requesting an order compelling Lizette Madera Sillas to appear at her deposition on October 26, 2018. (ECF No. 77.)  This Magistrate Judge signed the Order on September 28, 2018.  (ECF No. 78.)  On October 4, 2018, Lizette Madera Sillas was duly served with the new deposition notice, subpoena and copy of the Court order compelling her deposition for October 26, 2018. (ECF No. 93, Exhibit F, Inlow Decl., ¶ 10.) Despite the Court

order, Madera Sillas again failed to appear for her deposition on October 26, 2018. (ECF No. 93, Exhibit G, Inlow Decl., ¶ 11.)

On December 17, 2018, the defendants filed an ex parte application for an Order to Show Cause as to why Madera Sillas should not be held in contempt for her failure to appear for her duly noticed deposition and the court ordered deposition. (ECF No. 93.) Plaintiffs did not oppose the ex parte application. On December 19, 2018, the Magistrate Judge ordered Madera Sillas to appear before the Magistrate Judge on January 15, 2019 to show cause why she should not be held in contempt. (ECF No. 94.) Defendants were ordered to serve the notice of the OSC hearing on Madera Sillas. (ECF No. 94.)

Defendants deposed Francisca Madera, the mother of Lizette Madera Sillas, on August 16, 2018. During her deposition, Francisca Madera testified that Lizette currently lived with her. Francisca further testified that Lizette had always lived with her parents and she had seen Lizette that morning, August 16, 2018, one of the dates on which Lizette had also been subpoenaed for deposition. (ECF No. 98.)

LAPD Officer Ferrato and Detective Lin went to Madera Sillas' stated address on Isabel Street on December 27, 2018. Her mother, Francisca Madera, answered the door and said she had not seen her daughter since December 24, 2018 and that Lizette did not have a cell phone. The detectives left a copy of the court order and their business card with Francisca Madera. (ECF No. 99.) On December 28, 2018, LAPD Detective Brian Hun found a phone number for Lizette Madera Sillas in an unrelated police report. When he called the number, a female Hispanic answered and said it was the wrong number. (ECF No. 99.) On December 28, 2018, Detectives Lin and Hun went back to the residence on Isabel Street. They again spoke with Francisca Madera who refused to provide them with Lizette's contact information or reveal her whereabouts. Francisca did tell them that she had given the court order to her daughter Lizette Madera Sillas. (ECF No. 99.)

On January 9, 2019, LAPD Detectives Purcell and Hun again went to the Madera residence on Isabel Street and again spoke with Francisca Madera. Lizette Madera Sillas was not home. Francisca stated she had given a copy of the order to Lizette on Sunday, January 6, 2019, but she did not know if Lizette would appear in court. Detective Hun gave Francisca another copy of the order and reminded her that it was very important for Lizette to appear in court. (ECF No. 99.) Lizette Madera Sillas did not appear in Court on January 15, 2019.

## DISCUSSION

Under *Federal Rule of Civil Procedure* 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." This is the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (as amended) (discussing previous version of Rule 45). When a party seeks contempt sanctions against a nonparty, the nonparty has a right to notice and an opportunity to be heard. *S.E.C. v. Hyatt*, 621 F.3d 687, 696-97 (7th Cir. 2010).

When an act "constitut[ing] a civil contempt" occurs in a discovery-related proceeding,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6); *see also* Assignment of Duties to Magistrate Judges, C.D. Cal. Gen. Order 05-07 (2005). In certifying the facts under § 636(e), the magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. *See Proctor v. State Gov't of N.C.,* 830 F.2d 514, 521 (4th Cir. 1987).

In the Ninth Circuit, a party alleging that another person should be held in civil contempt must establish by clear and convincing evidence that the alleged contemnor "violated the court order," "beyond substantial compliance," "not based on a good faith. and reasonable interpretation of the order." *Labor/Community Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). Once that prima facie showing is made, the burden shifts to the alleged contemnor to "produce evidence explaining [her] noncompliance." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (citing *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998)). In making a contempt determination, a court may consider "the witness'[s] history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." *Martinez v. City of Avondale*, 2013 WL 5705291, at *4 (D. Ariz. Oct. 18, 2013).

A nonparty's noncompliance with a subpoena may warrant contempt sanctions. *Pennwalt Corp.*, 708 F.2d at 494 n.5; *LHF Productions, Inc. v. Doe*, 2016 WL 6208269, at *2 (D. Or., Oct. 21, 2016). Such sanctions may include the cost of the failed deposition and show-cause motion. *LHF Productions*, 2016 WL 6208269, at *2-3. Upon a finding of a willful failure to comply with a court order, a contemnor may be jailed until compliance with the district court's order. *S.E.C. v. Elmas Trading Corp.*, 824 F.2d 732 (9th Cir. 1987) ("When the petitioners carry 'the keys of their prison in their own pockets,' the action is 'essentially a civil remedy.'") (quoting *Shillitani v. United States*, 384 U.S. 364, 368 (1965)); *Martinez*, 2013 WL 5705291, at *4. A civil contempt order must be accompanied by a "purge" condition, meaning

5

that it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due. *Koninklijke Philips Elec. N.V. v. KXD Technology, Inc.*, 539 F.3d 1039, 1042-43 (9th Cir. 2008); *Martinez v. City of Pittsburg*, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012); *see also Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("the ability to purge is perhaps the most definitive characteristic of coercive civil contempt").

Here, Defendants have shown by clear and convincing evidence that Madera Sillas failed to comply with two deposition subpoenas, the Magistrate Judge's later order to appear for her deposition, and the Magistrate Judge's order for a show cause hearing. Madera Sillas was personally served with the first deposition notice and subpoena, but she nevertheless failed to appear for the deposition or otherwise respond to the notice and subpoena. Madera Sillas' attorney was duly served with the second deposition notice and subpoena, but Madera Sillas again failed to appear. Madera Sillas was also personally served with the Court's September 28, 2018, order compelling her to appear for her deposition, but she did not comply. Finally, the evidence strongly indicates that Madera Sillas was given notice of the hearing and order to show cause, but she failed to appear for the January 15, 2019 hearing. For these reasons, the undersigned certifies the facts stated above.

## ORDER

**IT IS THEREFORE ORDERED** that Lizette Madera Sillas appear before the Honorable Fernando M. Olguin in Courtroom 6D, Sixth Floor, United States District Court, 350 W. 1st Street, Los Angeles, California, 90012, on Thursday, February 28, 2019, at 10 a.m., to show cause why she should not be adjudged in contempt by reason of the facts certified herein. Should Ms. Madera Sillas arrange with either of Defendants' counsel (Laura E. Inlow of Collinson, Daehnke, Inlow & Greco, 21515 Hawthorne Blvd., Suite 800, Torrance, CA 90503; 424-212-7777; laura.inlow@cdiglaw.com or Lisa Lee, Deputy City Attorney, 200 N. Main Street,

6th Fl., City Hall East, Los Angeles, CA 90012; 213-978-7032; lisa.lee@lacity.org) to have her deposition taken before February 28, 2019, the parties shall notify the Court immediately, the February 28, 2019 hearing will be vacated, and Ms. Madera Sillas will not need appear.

**Lizette Madera Sillas is again warned that her failure to comply with this Order may result in contempt sanctions including deposition fees, attorney's fees, and/or her arrest by the United States Marshals Service.** Defendant City of Los Angeles is directed to personally serve a signed copy of this Order on Lizette Madera Sillas as soon as practicable at 2020 Isabel Street, Los Angeles, California 90065, or at any other address where she may be located. Defendant City of Los Angeles shall promptly file a return of service upon service of this Order.

DATED: 1/29/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE