JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SILLAS, et al., | Case No. CV 17-8691 FMO (AFMx) |
| Plaintiffs, | |
| v. | **JUDGMENT AND PERMANENT INJUNCTION** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

Pursuant to the Court's Order Re: Plaintiffs' Motion for Summary Judgment, filed on September 30, 2019, and the Court's Order Re: Motion for Injunctive Relief, filed contemporaneously with the filing of this Judgment, IT IS ORDERED, ADJUDGED, and DECREED as follows:

1. The City shall pay damages to plaintiff Maria Sillas in the amount of $800 plus simple interest calculated from the date of seizure on June 10, 2016. (See Dkt. 142).

2. The City, the LAPD, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive notice of this Judgment (by personal service or otherwise) are hereby permanently enjoined and restrained from violating plaintiffs' due process rights.[1] The City shall, as part of its obligation to comply with this Judgment and its due process

---

[1] For ease of reference, the court's reference to the City will encompass both the City and the LAPD.

obligations under the Constitution, implement the following policies and procedures, which shall apply to the City's Northeast Community Police Station ("NCPS").

    3. <u>Notice Procedures and Signage</u>.

        A. The City, in consultation with plaintiffs' counsel, shall develop a form entitled, "Instructions for Return of Property" ("Form") that, at a minimum, explains that: (i) the Form applies only to confiscated property that is not subject to forfeiture or that was seized as evidence for an ongoing case or investigation; (ii) provides step-by-step instructions for reclaiming such property; and (iii) includes a separate form that individuals may complete to request the release of their personal property.

        B. The City shall, in consultation with plaintiffs' counsel, create a written policy ("Policy"), enabling attorneys to seek property receipts on behalf of clients who did not receive one when their property was taken. This Policy may be incorporated into the Form referenced in paragraph 3.A. above.

        C. No later than thirty (30) days from the filing date of this Judgment, the parties shall submit, for the court's approval, a draft of the Form and Policy the parties have agreed upon. In the event the parties are unable to agree on the content of the Form and/or Policy, then each party shall submit its proposed Form and Policy with a memorandum of points and authorities not to exceed five (5) pages setting forth each party's position as to why the court should adopt the submitting party's Form and/or Policy.

        D. Once the Form is approved by the court, the City shall have the Form translated into Spanish and submit both the English and Spanish versions to the court with a declaration from a certified Spanish interpreter declaring that the Form is a true and accurate Spanish interpretation of the Form.

        E. The City shall ensure that the Form is visible and available in pamphlet or brochure form, in English and Spanish, at the NCPS as well as on the City's and the LAPD's website. In addition, the City shall post the procedure for reclaiming seized

personal property at the NCPS in both English and Spanish, where it is readily visible in at least 24-point font.

    F.  The City shall require patrol officers and staff from the NCPS to notify property owners and claimants of their rights to seek the return of their seized personal property.

    G.  The City shall issue notices to patrol officers and staff from the NCPS reminding them of their obligation to provide property receipts to any person from whom property is seized or anyone who makes a claim to property that has been seized.

4. <u>Attorney's Fees and Costs</u>: The City shall pay all reasonable attorney's fees, costs and expenses incurred by plaintiffs' counsel in connection with the monitoring of this Judgment.

    A.  No later than thirty (30) days following the entry of this Judgment, plaintiffs' counsel shall submit to the City invoices for actual fees and expenses incurred to date in connection with the monitoring of this Judgment, together with a signed declaration from plaintiffs' counsel attesting to the accuracy of such fees and expenses. Thereafter, the City shall, within thirty (30) days of receipt of such submission, either dispute the amount to be disbursed or disburse the requested fees and costs. In the event the parties cannot agree informally on the amount to be disbursed to plaintiffs' counsel, the matter shall be submitted to the court for resolution. In the event plaintiffs' prevail with respect to any dispute relating to attorney's fees or costs, plaintiffs' counsel will be entitled to attorney's fees.

    B.  Thereafter, at the close of each calendar quarter, plaintiffs' counsel shall submit to the City invoices for actual fees and expenses incurred, together with a signed declaration from plaintiffs' counsel attesting to the accuracy of such. The City shall, within thirty (30) days of receipt of such submission, either dispute the amount to be disbursed or disburse the requested fees and costs. In the event the parties cannot agree informally on the amount to be disbursed to plaintiffs' counsel for a particular three-month period, the matter shall be submitted to the court for resolution. In the event plaintiffs' prevail with respect to any dispute relating to attorney's fees or costs, plaintiffs' counsel will be entitled to attorney's fees.

5.  The court shall retain jurisdiction to enforce the injunctive relief provisions set forth in this Judgment.  Except as set forth above, the above-captioned action is dismissed with prejudice. Dated this 1st day of February, 2022.

                                      /s/
                        Fernando M. Olguin
                    United States District Judge